IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter ) | Civ. No. 07-00485 ACK-BMK |
| ) | (Admiralty) |
| of ) | |
| ) | |
| The Complaint of HYATT ) | ORDER GRANTING CLAIMANTS |
| CORPORATION dba HYATT ) | PULFER AND SHELBY'S |
| REGENCY MAUI RESORT & SPA, ) | REQUEST TO SEVER THE ISSUE |
| a Delaware corporation, as pro hac ) | OF DAMAGES; FINDING AND |
| vice owner, and MAUI BOAT CO., ) | RECOMMENDATION THAT |
| a Delaware corporation, as owner, ) | CLAIMANTS PULFER AND |
| of M/S KIELE V, O.N. 628114, ) | SHELBY'S REQUEST FOR |
| for exoneration from or limitation ) | PARTIAL RELIEF FROM THIS |
| of liability. ) | COURT'S RESTRAINING ORDER |
| ) | BE GRANTED |
| _____ ) | |

ORDER GRANTING CLAIMANTS PULFER AND SHELBY'S REQUEST TO SEVER THE ISSUE OF DAMAGES; FINDING AND RECOMMENDATION THAT CLAIMANTS' PULFER AND SHELBY'S REQUEST FOR PARTIAL RELIEF FROM THIS COURT'S RESTRAINING ORDER BE GRANTED

Before the Court is Claimants Pulfer and Shelby's Motion to Sever the Issue of Damages and for Partial Relief from Senior District Judge Alan C. Kay's Restraining Order. The Court heard the Motion on September 4, 2009. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court GRANTS Claimants' request to sever the issue of damages and RECOMMENDS that Claimants' request for partial relief from the restraining order be GRANTED.

## FACTUAL BACKGROUND

This case arises out of an incident that occurred during a whale watching tour aboard the vessel, M/S KIELE V, O.N. 628114 (the "vessel"), off Kaanapali, Maui, Hawaii on March 25, 2007 (the "incident"). (Mem. in Supp. of Mot. at 1.) At the time of the incident, Limitation Plaintiffs Hyatt Corporation dba Hyatt Regency Maui Resort & Spa and Maui Boat Company (collectively "Limitation Plaintiffs") were *pro hac vice* owner and owner of the vessel, respectively. (Compl. at 2.) During the tour, the vessel's mast and halyards collapsed, injuring three passengers, one of whom, Hal Pulfer II, was pronounced dead upon arrival onshore. (Mem. in Supp. of Mot. at 9, 14.) Two other passengers were injured during evacuation. (Opp. at 8.) The vessel sank and the State of Hawaii, Department of Land and Natural Resources mandated that Limitation Plaintiffs remove the wreckage. (Compl. at 5.)

On September 19, 2007, Limitation Plaintiffs, pursuant to the Limitation of Liability Act, filed a verified complaint for exoneration from, or limitation of, liability for any and all losses and damages occasioned by, or incurred in, consequence of the incident. (Id. at 10.) Limitation Plaintiffs also filed an affidavit of value of the vessel attesting to a value of negative eighty-eight thousand ten dollars and thirty-five cents ($-88,010.35). (Aff. at 2.)

On September 24, 2007, Judge Kay issued an order enjoining the prosecution of any claims against Limitation Plaintiffs except in the limitation proceeding.  (Order at 4.)  Subsequently, Claimants Pulfer[1] and Shelby[2] (collectively "Claimants"), among others, filed notices of claim and answers to Limitation Plaintiffs' verified complaint.

On June 30, 2009, Claimants filed the instant Motion, requesting the Court to 1) sever the issue of damages and 2) grant Claimants partial relief from the restraining order so that they may file an action for damages in Illinois state court, on which they will proceed should they prevail on the issues of liability and limitation of liability.  (Mot. at 2; Mem. in Supp. of Mot. at 3, 4.)

STANDARD OF REVIEW

Rule 42(b) of the Federal Rules of Civil Procedure ("FRCP") provides, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, . . . or of any separate issue . . . ."  This Rule "confers broad discretion upon the district court to bifurcate a trial . . . ."  Hangarter v. Provident

---

[1] The Pulfer Claimants consist of Colette M. Pulfer, wife of Hal Pulfer II, deceased, and her three children.  (Mot. at 2.)  They reside in Illinois.  (Reply at 3, 14.)

[2] The Shelby Claimants consist of Thomas and Sheila Shelby and their two children.  (Mot. at 2.)  They reside in Missouri.  (Reply at 14.)

3

Life & Accident Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004); Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Thus, the court has "discretion to subdivide the case in whatever manner seems dictated by the circumstances.'" Rivera v. NIBCO, Inc., No. CIV-F-99-6443 AWISMS, 2006 WL 845925, at *5 (E.D. Cal. Mar. 31, 2006) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2389 (2d ed. 1995)).

## DISCUSSION

Claimants do not dispute that this Court has exclusive jurisdiction to decide the issue of exoneration from, or limitation of, liability. (Mem. in Supp. of Mot. at 2.) In addition, Claimants do not oppose this Court deciding the issue of liability. (Id. at 3, 4, 24; Reply at 12.) However, Claimants argue that should they prevail on the issues of liability and limitation of liability, they have a right to try the issue of damages before a jury in Illinois state court pursuant to the Saving to Suitors Clause.[3] (Id. at 4.) Claimants further argue that trying said issue in Illinois state court will further FRCP Rule 42(b)'s consideration of convenience. (Reply at 3, 4, 15.) As such, Claimants request partial relief from the Court's restraining order and bifurcation of the issue of damages so that they may file a state court damages action before the three-year statute of limitations expires. (Mem. in Supp.

---

[3] Claimants, however, are agreeable to this Court deciding the issue of punitive damages. (Reply at 12.)

of Mot. at 4.)

Limitation Plaintiffs oppose Claimants' request, claiming that it contravenes the purposes of the Limitation of Liability Act. (Opp at 12.) Limitation Plaintiffs contend that the Act is "intended to resolve all claims against a shipowner in one proceeding under the substantive and procedural rules of admiralty law to avoid inconsistent rules and repetitive litigation." (Id. at 18 (citing In re Paradise Holdings, Inc., 795 F.2d 756, 761-62 (9th Cir. 1986).) Limitation Plaintiffs thus argue that where there are multiple claims and such claims exceed the limitation fund, "it is generally held that the district court should adjudicate the entire case." (Id. at 16 (citing Anderson v. Nadon, 360 F.2d 53, 57 (9th Cir. 1966).) Limitation Plaintiffs also argue that trying the issue of damages in Illinois state court will be inconvenient, prejudicial to Limitation Plaintiffs, and contrary to expedition and judicial economy. (Id. at 12.)

Because the Court must find that Claimants are entitled to partial relief from the restraining order before it may permit bifurcation of the issue of damages, the Court will address Claimants' request for partial relief from the restraining order first.

A.  Claimants' Request for Partial Relief from the Court's Restraining Order

Article III, § 2, of the United States Constitution provides that the

judicial power of the United States extends to all cases of admiralty and maritime jurisdiction. Congress codified this grant of exclusive original jurisdiction in Section 9 of the Judiciary Act of 1789 but, in the statute's Saving to Suitors Clause, "sav[ed] to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it." Ch. 20, § 9, 1 Stat. 77. Congress has since revised the language of the statute, and in its present form, the statute provides, "The district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . any civil case of admiralty or maritime jurisdiction, <u>saving to suitors in all cases all other remedies to which they are otherwise entitled</u>." 28 U.S.C. § 1333(1) (emphasis added).

The United States Supreme Court has defined the limits of the Saving to Suitors Clause, finding it to be "a grant to state courts of *in personam* jurisdiction, concurrent with admiralty courts." <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 445 (2001) (citing <u>Red Cross Line v. Atlantic Fruit Co.</u>, 264 U.S. 109, 123 (1924)). The Court has declared, "The 'right of a common law remedy,' so saved to suitors, does not . . . include attempted changes by the States in the substantive admiralty law, but it does include all means other than proceedings in admiralty which may be employed to enforce the right or to redress the injury involved." <u>Red Cross Line</u>, 264 U.S. at 123. The Court noted that this

"includes remedies *in pais*, as well as proceedings in court; judicial remedies conferred by statute, as well as those existing at the common law; remedies in equity, as well as those enforceable in a court of law." Id. at 124.

Another statute, the Limitation of Liability Act, allows vessel owners to limit liability for damage or injury, occasioned or incurred without the owner's privity or knowledge, to the value of the vessel and its pending freight or the owner's interest therein. 46 U.S.C. § 30505. To invoke the protections of the Act, an owner must file a complaint in district court within six months after receipt of a written claim. Supp. Admiralty or Maritime Claims Rule F(1). The owner must also deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel and pending freight . . . ." Id. Upon doing so, the court will marshal claims and enjoin the prosecution of any action or proceeding with respect to the claims. Id. at F(3)-(6). The court then adjudicates the claims, determining whether the owner is liable and if so, whether the owner may limit liability. Lewis, 531 U.S. at 448. Finally, the court determines the validity of the claims and, if liability is limited, distributes the fund deposited with the court (the "limited fund") pro rata among the claimants. Supp. Admiralty or Maritime Claims Rule F(8); Lewis, 531 U.S. at 448.

It is well-recognized that a certain tension exists between the Saving

to Suitors Clause and the Limitation of Liability Act.  Lewis, 531 U.S. at 448.  "One statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court."  Id.  Thus, it is the district court's task to reconcile the two.  See Anderson, 360 F.2d at 57 ("The question then arises of how to reconcile the exclusive jurisdiction of the district court to adjudicate the limitation issues with what would otherwise be the right of [the claimant], under the 'saving[ ] to suitors' clause, to prosecute its *in personam* claim . . . ."); see also Lewis, 531 U.S. at 451 (upholding the district court's "attempt[ ] to reconcile [the claimant's] right to his remedy under the saving to suitors clause with [the vessel owner's] right to seek limited liability under the Limitation Act").  Where the district court concludes that the owner's right to seek limitation "will not be adequately protected . . . the court may proceed to adjudicate the merits, deciding the issues of limitation and liability."  Lewis, 531 U.S. at 454 (emphasis added).  But where the court "satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion."  Id. (emphasis added).

In this case, Claimants are agreeable to this Court deciding the issues of liability and limitation of liability. (Mem. in Supp. of Mot. at 3, 4, 24; Reply at 4.)  Claimants are also agreeable to staying the state court damages action until said

issues have been decided. (See Mem. in Supp. of Mot. at 3, 4; Reply at 3, 4.) Thus, the "state proceeding [will] have no possible effect on [Limitation Plaintiffs'] claim for limited liability . . . ." Lake Tankers Corp. v. Henn, 354 U.S. 147, 153 (1957) (citation omitted) (emphasis added). It has been made clear that the Limitation of Liability Act "'is not one of immunity from liability but of limitation of it.'" Lewis, 531 U.S. at 453 (quoting Lake Tankers Corp., 354 U.S. at 153). So long as Limitation Plaintiffs' "claim of limited liability is not jeopardized," they may be subjected to "all common-law remedies available against other parties in damage actions." Lake Tankers Corp., 354 U.S. at 153; see also Lewis, 531 U.S. at 455 (stating that "case law makes clear that state courts, with all their remedies, may adjudicate claims . . . against vessel owners so long as the vessel owner's right to seek limitation is protected"). Accordingly, granting Claimants' request for partial relief from the restraining order and permitting Claimants to file an action for damages in state court reconciles Claimants' right to state court remedies under the Saving to Suitors Clause with Limitation Plaintiffs' right to seek limitation under the Limitation of Liability Act.

B.         Claimants' Request for Bifurcation of the Issue of Damages

Despite the foregoing, the Court, pursuant to FRCP Rule 42(b), may bifurcate the issue of damages and allow Claimants to try said issue in state court

9

only if it will be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . . ." Because the foregoing "considerations are stated in the alternative . . . bifurcation may be proper upon a showing of <u>any of these factors</u>." <u>General Patent Corp. v. Hayes Microcomputer</u>, No. SA CV 97-429-GLT ANX, 1997 WL 1051899, at *1 (C.D. Cal. Oct. 20, 1997) (emphasis added).

        Here, bifurcation will further, at a minimum, the consideration of convenience.  Claimants Pulfer and Shelby reside in Illinois and Missouri, respectively.  (Reply at 3, 14.)  Many of the lay and expert witnesses Claimants intend to call to testify in their damages action reside in Claimants' home states.  (<u>Id.</u> at 14.)  Such witnesses include family members, friends, and treating medical and mental health professionals.  (<u>Id.</u>)  In addition, Claimants have made claims on behalf of their children, currently ages six through fourteen, who were aboard the vessel on the date of the incident.  (<u>Id.</u> at 13.)  It is unclear as to what effect returning to the place of the incident will have on Claimants' children.  (<u>Id.</u>)  Further, Limitation Plaintiff Hyatt Corporation is headquartered in Chicago and thus, its Chicago attorneys can assume representation in the state court damages action.  (<u>Id.</u> at 3, 4.)

        More importantly, however, Claimants have a right to their remedies

in state court under the Saving to Suitors Clause. Thus, while bifurcation may frustrate expedition and economy, Claimants are entitled to pursue this right provided that Limitation Plaintiffs' right to seek limitation is protected. See Lake Tankers Corp., 354 U.S. at 153. In this case, because Limitation Plaintiffs' right to seek limitation is protected, the Court grants Claimants' request to bifurcate the issue of damages, thereby allowing Claimants to pursue the remedies to which they are entitled.

As noted above, Judge Kay issued an order enjoining the prosecution of any claims against Limitation Plaintiffs except in the limitation proceeding. In order to allow Claimants to file a damages action in Illinois state court before the statute of limitations expires, Claimants need relief from Judge Kay's order. Claimants have agreed to stay the state court damages action pending a determination of liability and limitation of liability. Accordingly, Claimants have agreed that any discovery on the issue of damages is to be conducted in the limitation action only. The Court consequently RECOMMENDS that Claimants' request for partial relief from the restraining order be granted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Claimants' request to sever the issue of damages and RECOMMENDS that Claimants' request for partial

11

relief from the restraining order be GRANTED.

IT IS SO ORDERED AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 10, 2009.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

In the Matter of the Complaint of Hyatt Corporation dba Hyatt Regency Maui Resort & Spa, et al.; Civ. No. 07-00485 ACK-BMK (Admiralty); ORDER GRANTING CLAIMANTS PULFER AND SHELBY'S REQUEST TO SEVER THE ISSUE OF DAMAGES; FINDING AND RECOMMENDATION THAT CLAIMANTS PULFER AND SHELBY'S REQUEST FOR PARTIAL RELIEF FROM THIS COURT'S RESTRAINING ORDER BE GRANTED.